**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Anthony MILAN, Defendant–Appellant.**

No. 06–10035.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 22, 2006.

Daniel R. Schiess, Esq., USLV–Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

John Anthony Milan, Beulah, ND, pro se.

Before: BRIGHT,* D.W. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM **

John Anthony Malan ("Milan")[1] was convicted of criminal contempt under 18 U.S.C. § 401(1) for statements he made to several prospective jurors in a trial involving a nationally-known tax protester. Milan appeals, arguing that there was insufficient evidence to prove the elements of criminal contempt.[2] We agree and reverse Milan's conviction.

Under § 401(1) the district court must find that a defendant's contumacious behavior occurred in or near the presence of the court, it actually disrupted or materially obstructed the administration of justice, and it was willful.[3] *United States v. Galin,* 222 F.3d 1123, 1127 (9th Cir.2000).

First, the district court did not clearly err in finding that Milan willfully and knowingly made statements to prospective jurors. Jurors testified they saw Milan approach them and tell the group something to the effect of: "You're the jury, you guys can make the law, you guys get to decide the law. Don't let anyone decide for you." The comments were obviously directed at the jury pool. *United States v. Smith,* 555 F.2d 249, 251 (9th Cir.1977).

However, the district court clearly erred in concluding that Milan's actions obstructed the administration of justice. Indeed, Milan's statements were relatively innocuous. Milan did not urge the jurors to reach a particular verdict, nor were his statements threatening to the jurors or inimical to the administration of justice. In fact, Milan's statements were very similar to our Criminal Model Jury Instruction 7.2: "Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide."

Moreover, the district court erred as a matter of law in concluding that "whether anyone was actually influenced ... is not the issue." On the contrary, § 401(1) "indisputably requires actual obstruction of justice," *Galin,* 222 F.3d at 1127, and there is no evidence that Milan's statements had any effect on the jurors. Indeed, the only juror to testify about the effect the statements had stated that they had no effect whatsoever. Furthermore, if we permitted a district court to find that a defendant's statements obstructed justice solely because the court decided to devote significant amounts of time to address the issue, we would be allowing a district court's own actions—regardless of whether they were

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Appellant's true surname is "Malan," but all court documents use "Milan." For consistency's sake, we use the latter.

2. Milan also alleges that his conviction should be overturned because the statutory basis for the contempt charge was ambiguous and his statements were protected under the First Amendment. Because we find the evidence insufficient to support a conviction, we do not reach the ambiguity or First Amendment issues.

3. There is no dispute that Milan's actions occurred near the presence of the court.

necessary or prudent—to satisfy the "actual obstruction" element of the offense.

In sum, although Milan knowingly and wilfully targeted jurors with his statements, there was insufficient evidence to show that he actually obstructed the administration of justice.

**REVERSED.**